Jasper J. MORRIS, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 779.

United States District Court
W. D. Arkansas,
Texarkana Division.

June 12, 1961.

George F. Edwardes, Texarkana, Ark., for plaintiff.

Charles W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This is an action by the plaintiff, Jasper J. Morris, to review a final decision of the defendant Secretary, denying the plaintiff's application for a period of disability and disability benefits, as authorized by the Social Security Act, as amended, 42 U.S.C.A. §§ 416(i), 423. This court has jurisdiction of the action pursuant to Sec. 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). The applicable section of the statute provides:

> " * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

On January 7, 1959, plaintiff filed his application to establish a period of disability and his application for receipt of disability insurance benefits. The applications were subsequently denied, and the plaintiff thereafter requested a hearing before a hearing examiner. The hearing was conducted on April 7, 1960, and on April 28, 1960, the hearing examiner filed his decision denying the plaintiff's claims. Thereafter the plaintiff requested the Appeals Council to review the hearing examiner's decision, and on September 15, 1960, the Appeals Council denied plaintiff's request for review. The decision of the hearing examiner, therefore, became the final decision of the defendant Secretary.

Plaintiff filed the instant action in this court on November 12, 1960, and in due time the defendant filed his answer. The case is now before the court on defendant's motion for summary judgment. A brief has been received from the defendant Secretary in support of his contentions, but counsel for the plaintiff has failed to file a brief within the 30-day period allowed or within the 20-day extension. Therefore, the court must decide the case without benefit of a brief in support of the plaintiff's position.

The pertinent facts in this case are not in dispute. The plaintiff was born August 18, 1902, at Paris, Texas. His formal education consisted of completion of the fourth grade, and since leaving school, he acquired skill as a carpenter.

During his work life, he has been employed as a carpenter by various contractors, and at times has worked in that trade at factories. He was last employed by the King Construction Company of Texarkana, Arkansas, in December 1958. This employment was terminated when he became unable to perform the work due to his physical condition. During his lifetime Morris has undergone some seven operations, primarily for a hernia and adhesions. He first experienced trouble with a hernia in 1930 and was first operated in 1933. A year after the operation the hernia broke through, and in 1945 he underwent a second operation. Between 1933 and 1945 plaintiff wore a truss nearly all the time but continued working. In June 1959 he underwent a third operation for the purpose of relieving the adhesions and experienced some temporary relief, but soon began having the same trouble. He wears a large abdominal belt which eases his discomfort somewhat. He complains that he is in pain all the time. Morris has applied for unemployment compensation but his application was denied, the agency holding that he was not physically able to work.

For the past three years Morris has also experienced a heart condition which consists of shortness of breath, pain in the chest, radiating down the entire left arm. His doctor prescribed medication which he takes when he feels the pain coming on. In addition, he complains of chronic constipation. His diet consists mainly of milk, bread and light foods. His normal weight is 167 but presently he weighs only 158.

The plaintiff's appetite is fairly good but he does not sleep well. He experiences shortness of breath after exercise and his hands and ankles swell.

Morris lives on a small farm some 25 miles from Texarkana with his wife and four minor children. His wife cultivates a garden with the assistance of one of his sons. Morris helps in the garden when he is able. He is able to drive a standard transmission automobile, although he states it bothers him. He admits that he goes fishing once in a while, but spends most of his time sitting around the home reading his children's school books.

Several months before the hearing Morris tried to haul a load of wood for a neighbor, but was unable to complete the job when blood started seeping from an adhesion in his side. This was observed by the neighbor, W. L. Conley.

A medical report dated March 21, 1959, and submitted by Dr. Harry E. Murry of Texarkana, indicates that the plaintiff has had an illness off and on for the last fifteen years and that he became unable to work January 31, 1959. His symptoms were complaint of severe pain and indigestion, R. L., when he works. The report notes that the plaintiff was ambulatory. The diagnosis made was adhesions. The treatment was heat and analgesics. The progress was noted to vary. The heart was found to be good. The blood pressure was 140/80. The physical finding was old post-operative hernia with probable adhesions.

A medical report of August 18, 1959, submitted by plaintiff's personal physician, Dr. C. V. Bintliff of Texarkana, describes the plaintiff as being five feet, nine inches, and weighing 154 pounds, stating that the illness began in December of 1958. The subjective symptoms were pain in right abdomen, nausea and constipation. The objective findings were hernia, ventral and inguinal. Scar was noted on the right abdomen, with thin abdominal wall. It was noted that the claimant had surgery in June of 1959. Also, it was noted that Morris' condition was not static and that he should do no heavy work, and that, in the doctor's opinion, he was physically unable to do any work for which he is trained.

On November 17, 1959, and again on April 7, 1960, Dr. Bintliff reported that due to plaintiff's age, heart condition, and hernia, in his opinion the plaintiff was totally and permanently disabled. No further surgery was recommended, and limited activity was prescribed as the best treatment.

844

In January 1960 Morris was examined by Dr. Alastair D. Hall of Little Rock, at the request of the Social Security Administration. In reporting the results of his examination, Dr. Hall's report reflects that the plaintiff has suffered from constipation since 1932 and that he almost always has to take a laxative. He denied any chest pains, but stated that he had some shortness of breath. The physical examination showed the blood pressure to be 170/100, the pulse rate 76, respiration 20. The ENT examination was not remarkable. The pupils were found to react equally to 1 & a. The fundi was found to be normal. The heart was not enlarged to percussion, and there were no murmurs or thrills. A2 was slightly accentuated. The pulse was found to be regular and of good volume. The lungs were clear to percussion and auscultation. There was no edema or varicosities. The EKG showed changes of mild ischemia. The diagnosis was scars from previous surgery which appeared to be well healed. It was noted that there was considerable functional overlay in connection with previous surgery and bowel symptoms and mild hypertensive vascular disease. Dr. Hall placed the plaintiff in Class II, noting slight limitation of activity. He stated that he did not believe that Morris was disabled from engaging in gainful employment on the basis of hernia or cardio-vascular disease.

The burden of proof before the hearing examiner and in the instant proceeding is upon the plaintiff. Not only are the findings of fact made by the hearing examiner, if supported by substantial evidence, conclusive, but a majority of courts also extend the finality of the hearing examiner's findings to inferences and conclusions which he draws from the evidence if there is substantial basis for the conclusion. The hearing examiner's conclusions of law, however, are not binding upon the court, although they are entitled to great weight. In reviewing the decision of the hearing examiner, this court must not abdicate its conventional function. Blevins v. Fleming (Flem-

ming), D.C.W.D.Ark.1960, 180 F.Supp. 287, 289; Fuller v. Folsom, D.C.W.D. Ark.1957, 155 F.Supp. 348, 349. The court's function in a review of this nature was succinctly summarized in Lewis v. Flemming, D.C.E.D.Ark.1959, 176 F. Supp. 872, at page 874, when the court said:

"In an action of this kind, judicial review should go no further than to determine whether the findings made by the administrative fact finder are supported by substantial evidence and whether applicable principles of law have been correctly applied to the facts. Arbitrary or capricious action must be set aside, and, of course, a finding or conclusion based upon an erroneous view of the law cannot be sustained."

The meaning of the term "substantial evidence" and the application of that term by the court is, of course, of paramount importance in a determination of this case. The meaning and application of the "substantial evidence" test in Social Security cases have been subject to discussion in several recent cases. In Aaron v. Flemming, D.C.N.D.Ala.1958, 168 F.Supp. 291, 294, Circuit Judge Rives, sitting by assignment, adopted Chief Justice Hughes' definition of substantial evidence, as follows:

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

In Corn v. Flemming, D.C.S.D.Fla. 1960, 184 F.Supp. 490 at page 493, Judge Whitehurst adopted Judge Rives' definition of substantial evidence in the Aaron case, supra, and added:

" * * * The reliance of the Referee upon insolated remarks in two or three of the many reports before him is not enough to meet the test." [of substantial evidence.]

In Harrison v. Flemming, D.C.E.D. Ark., Docket No. LR–60–C–101, no opinion for publication, Judge Henley said:

"An administrative finding that a claimant for disability benefits or for a period of disability under the Social Security Act has failed to establish his claim is a negative one. Such a finding is supported by substantial evidence if the state of the record is such that if the case were tried before a jury the Court would be required to deny a motion for a directed verdict made by the claimant upon the completion of all of the proof. Cf. Wray v. Flemming (D.C.Ark., 181 F.Supp. 783) citing 4 Davis, Treatise on Administrative Law, Sec. 29.02."

The hearing examiner summarized his findings with the following two paragraphs:

"The medical evidence of record and the claimant's testimony establish the fact that the claimant is suffering from an impairment that would limit his ability to engage in work of a strenuous nature. However, the record and testimony do not establish that the claimant's over-all condition has so deteriorated that he would be continuously precluded from engaging in some type of substantial gainful activity, be it only part-time, commensurate with his over-all ability to work. It is recalled that the claimant testified to a number of activities, such as driving his car and helping his wife in the garden when he is able, and going fishing occasionally.

"While, as stated previously, the claimant is in all probability unable to engage in work of a strenuous nature, it is not established that as a result of any single impairment or a combination of all of his impairments that he is or has been continuously unable to engage in some type of substantial gainful activity from the alleged date of onset of disability."

Disability is defined in 42 U.S.C.A. § 423(c) (2), as meaning:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

The hearing examiner found that the plaintiff's physical condition was such that it would limit his ability to engage in work of a strenuous nature. However, he stated that it was not such as would "continuously precluded from engaging in some type of substantial gainful activity, be it only part-time, commensurate with his over-all ability to work." The hearing examiner apparently failed to consider the manner in which the plaintiff's impairments affect him as an individual in his quest to secure and perform work which could be classified as substantial gainful activity. In Dunn v. Folsom, D.C.W.D.Ark.1958, 166 F.Supp. 44, at page 48, this court said:

" * * * the act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has. Thus plaintiff's impairments would not prevent him from teaching courses in law, but the provisions of the act would be utterly futile if 'any substantial gainful activity' means activity utterly beyond the capacity of the particular person involved. 'Any substantial gainful activity' is such activity for which the particular claimant is reasonably qualified by education, training, or skill. Compare cases relating to 'total disability' under War Risk and National Service Life Insurance. * * * Thus, if a medically determinable physical impairment ex-

ists, the court should consider whether such impairment prevents the particular plaintiff from engaging in any substantial gainful activity for which he is qualified, and to that end may consider his education, training, and experience, as well as the nature and extent of the impairment itself."

In this connection the recent case of Ellerman v. Flemming, D.C.W.D.Mo. 1960, 188 F.Supp. 521, should also be noted. In the Ellerman case, Chief Judge Ridge said at page 527:

"Under the Social Security Act, unlike some other statutes, it is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment, and of his age, experience and education. It is quite enough if he offers evidence of what he has done, of his inability to do that kind of work any longer, and, of his lack of particular experience for any other type of job. If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently. Parfenuk v. Flemming, D.C.Mass.1960, 182 F.Supp. 532. Here, the Referee has made no such finding, whatsover, based on evidence."

The requirement that the court must look to the plaintiff's education, training, and mental capabilities was summarized in the recent case of Randall v. Flemming, D.C.W.D.Mich.1961, 192 F. Supp. 111 at page 123, in the following words:

"To summarize, the courts have generally agreed that the test of a claimant's disability or inability to engage in any substantial gainful activity is a subjective one, that is, what is reasonably possible in the light of the plaintiff's physical and mental capacities and his education, training, and experience. It is not necessary that the plaintiff establish the complete absence of any opportunity for substantial gainful employment; he need only establish that he has become disabled from employment in any work or vocation in which he could profitably seek employment in the light of his physical and mental capacities and his education, training, and experience. Furthermore, it is clear that a plaintiff need not be totally helpless or bedridden in order to be considered disabled under the Social Security Act."

See, also, Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591.

The physical condition of the plaintiff was discussed at length at the hearing before the examiner. The examiner also discussed it and the related medical reports in detail in his decision. It is unfortunate that similar evidence was not introduced or examined concerning the extent and type of work Morris is capable of performing, and the availability of such work to him.

In the instant case the plaintiff has clearly shown the type of work he has performed in the past. This is the work of a carpenter which, of course, requires strenuous labor. Due to his physical condition plaintiff has proved that he is no longer able to perform this type work and that fact was recognized by the hearing examiner. This leaves the court with the question of whether or not other work, which can be classed as substantial gainful activity is available to the plaintiff in view of his physical limitations, together with his education, training and experience. Absolutely no evidence was introduced as to this question. As stated by the Court of Appeals for the Second Circuit in the recent case of Kerner v. Flemming, 283 F.2d 916, at page 921:

"* * * the evidence as to employment opportunities was even

less. Here is a man, admittedly able to do only light work, and this at a location reachable without undue exertion, and presenting a prospective employer with the unattractive combination of age, heart disease, diabetes and acute worry about himself. No one of these factors might be fatal to employment—indeed, the constellation of them may not be— but the Secretary had nothing save speculation to warrant a finding that an applicant thus handicapped could in fact obtain substantial gainful employment."

█ It is again recognized by the court that the burden of proof in this action is on the plaintiff and that he has the ultimate burden of persuasion, but, as stated by the Court of Appeals in the Kerner case, supra, at page 922:

"However, it does not follow that the court is bound to sustain a denial of disability benefits where the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer. For the sections relied on by the Government have no greater stature than the broad provision in § 205(g), 42 U.S.C.A. § 405(g), that the reviewing court 'may, at any time, on good cause shown, order additional evidence to be taken before the Secretary * * *' a provision which seems to have been inserted for the very purpose of dealing with such cases. We think that was the appropriate course for the District Judge to have followed here, as Judge Kaufman did in Jacobson v. Folsom, D.C. S.D.N.Y.1957, 158 F.Supp. 281. It should not be hard to provide better medical evidence as to what work plaintiff can and cannot do, and the Secretary's expertise should enable him readily to furnish information as to the employment opportunities (including those in sheltered workshops), or the lack of them, for persons of plaintiff's skills and limitations. We recognize that the Department must process many thousands of disability applications annually and that it is impracticable to treat even the relatively small proportion that go to hearing with the elaboration of the trial of a personal injury case. We do not insist upon anything approaching that; and the time and effort required to make an adequate record are often less than what is needed for an effort, necessarily vain, to distill supportable conclusions from an inadequate one. In sharp contrast to the course adopted with reference to disability determination of the Veterans Administration, 38 U.S.C. § 211(a), Congress has seen fit to subject the Secretary's decisions to judicial scrutiny. Even with the limited scope of review conferred, a court cannot properly sanction a decision in a proceeding of this nature reached with such a lack of evidence to permit a rational determination as here."

█ The court, therefore, agrees with the decision reached in Kerner, and finds that the instant case should be remanded to the defendant Secretary and additional evidence taken as to employment opportunities, or the lack of them, for persons of plaintiff's skill and limitations within the general area in which he resides.

Therefore, an order is being entered today denying defendant's motion for summary judgment, and remanding the case to the Secretary of Health, Education and Welfare, for the receipt of additional evidence as to employment opportunities or the lack of them available to persons of plaintiff's skills and limitations in the general area in which he resides, together with any other evidence the Secretary may wish to receive in accordance with this opinion.