**Henry CHIPMAN, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education, and Welfare, as Successor in office to Arthur S. Fleming, Defendant.**

**Civ. No 1052.**

United States District Court
S. D. Florida,
Orlando Division.

July 27, 1961.

Gladstone L. Kohloss, Orlando, Fla., for plaintiff.

Don M. Stichter, Asst. U. S. Atty., Tampa, Fla., for defendant.

DE VANE, District Judge.

This is a proceeding brought by plaintiff to review the decision of the Appeals Council, Department of Health, Education and Welfare, Social Security Administration, entered July 1, 1960, denying plaintiff's claim for old age insurance benefits under the Social Security Act. Upon the denial by the Appeals Council of plaintiff's request for review, the decision of the Hearing Examiner dated January 15, 1960, became the final decision of the Secretary of Health, Education and Welfare subject to review by this Court in accordance with Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)).

Plaintiff filed his application for old age insurance benefits under the Social Security Act with the District Office, Department of Health, Education and Welfare, Social Security Administration, Bureau of Old Age and Survivors Insurance, at Orlando, Florida, on January 5, 1959. The application was duly considered and the Area Office of the Bureau advised plaintiff that he did not qualify for benefits under the Social Security Act. Plaintiff then requested a hearing before a Hearing Examiner. Pursuant thereto, plaintiff was granted such hearing and after the introduction of considerable testimony before him, the Hearing Examiner sustained the determination of the Area Office of the Bureau. Plaintiff then appealed the Hearing Examiner's decision to the Appeals Council and the Appeals Council, upon review, affirmed the Examiner's decision.

■ The record shows that on January 1, 1953, plaintiff entered into an agreement entitled "Agreement of Partnership" with his son, Clyde W. Chipman, who operated a grocery store in Apopka, Florida. This partnership agreement was made solely to enable plaintiff to qualify under the Social Security Act. This is permissible under the law and no criticism is intended because of the purpose of the agreement.

■ The partnership agreement continued until 1955, when it was terminated by mutual consent, and plaintiff promptly filed an application for old age insurance benefits in September, 1955. The Bureau denied this claim and the partnership agreement was revived in January, 1956, and continued for a period of approximately two years, when it was again terminated, and plaintiff promptly filed a second application for old age insurance benefits.

The procedural steps taken on this application are outlined above. When the case reached the Hearing Examiner, considerable testimony was offered by plaintiff in support of this application. The Hearing Examiner denied this claim of plaintiff, and in so doing found and held that the "partnership agreement" was nothing but a sham and in no sense a true bona fide business enterprise. This determination was based entirely upon evidence submitted at the hearing and the inferences drawn by the Hearing Examiner from such testimony. In the course of his findings in the case the Examiner stated: "Out of the welter of conflicting evidence, several things stand out. * * "

Upon such a record, this Court is bound by the findings and holdings of the Hearing Examiner. Section 405(g) specifically provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive" upon the Court. See Livingstone v. Folsom, Secretary, 3 Cir., 234 F.2d 75, and cases therein cited.

The Court has carefully examined the record of this case and upon such examination, finds and holds that the decision of the Hearing Examiner and the Secretary of Health, Education and Welfare was correct and the same will be affirmed.