**Edna H. NICKERSON**

v.

**Abraham A. RIBICOFF, as he is Secretary of the Department of Health, Education and Welfare.**

**Civ. A. No. 58-1095.**

United States District Court
D. Massachusetts.

June 5, 1962.

Seymour Bluhm, Plymouth, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., John J. Curtin, Jr., Asst. U. S. Atty., for defendant.

McCARTHY, Senior District Judge (Retired, by Designation).

This is an action under the Social Security Act, Section 405(g) of Title 42 of the United States Code Annotated, seeking review of a final decision of the Secretary of the Department of Health, Education and Welfare, wherein the plaintiff was denied old-age insurance benefits as an allegedly fully insured individual having attained a retirement age, 42 U.S.C.A. § 401 et seq. It was stipulated by the parties that the case is deemed submitted as a case stated and that the facts as reported in the Social Security Administration's transcript are deemed to be all the facts in the case.

Following her written application on January 10, 1957, the Bureau of Old Age and Survivors Insurance denied plaintiff any benefits under the Act on the basis that the self-employment income alleged for 1955 and 1956 could not be credited to her account as she had none of the quarters of coverage necessary in her case for a fully insured

status. Plaintiff was then granted a hearing before a Referee who, on February 28, 1958, after considering the evidence presented, denied the benefits sought by the plaintiff for the reasons hereinafter stated. On September 11, 1958, the Appeals Council denied a request for a review of the Referee's decision which constituted a final decision within the meaning of this Act subject to review in the District Court. Goldman v. Folsom, 2 Cir., 246 F.2d 776; Bridie v. Ribicoff, D.C.Iowa, 194 F.Supp. 809.

The ultimate question for determination here, as it was before the Referee, is whether the plaintiff is a fully insured individual and entitled to old-age insurance benefits under the provisions of the Social Security Act. This depends upon whether the self-employment income reported to her account for 1955 and 1956 was her share of a partnership alleged to have been conducted by her and her husband.

■■ Under the Social Security Act, 42 U.S.C.A. § 405(g), "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive". Thus, the findings based on substantial evidence are binding on the court, and the finality accorded to the Referee's findings extends as well to inferences from the evidence made by the Secretary if a substantial basis for them appears in the record considered as a whole. Under this section the court has no authority to re-try a claim for old-age insurance benefits at a trial de novo but has the power solely to review rulings and alter such findings and conclusions where there is no substantial evidence to support them. On review of final decision of Secretary denying a claim for old age benefits under this Act the court determines whether factual findings of hearing Referee are supported by substantial evidence and if so, whether he properly interpreted and applied the law to the facts and courts may consider only matters presented before the Referee. Bridie v. Ribicoff, supra. Questions of what amounts to substantial evidence supporting findings of the Secretary denying claim for old-age insurance benefits is a matter of law and court must review entire record to determine as a matter of law whether there is substantial evidence to support the Secretary's findings and decision. Randall v. Flemming, D.C.W.D.Michigan, S.D., 192 F.Supp. 111.

■ An interpretation placed upon a statute by an administrative agency entrusted with the responsibility in a particular field by Congress is entitled to great weight. Foster v. Flemming, D.C. N.D.Iowa, 190 F.Supp. 908. But conclusions of law, although entitled to great weight, are not binding on the court. And while review of such administrative decisions should be approached with some deference not only predicated on the experience of the agency but on the awareness that Congress placed the administration of the complex body of law in this agency the court may not abdicate its judicial function. Morris v. Ribicoff, D.C.W.D.Arkansas, 194 F.Supp. 841. Where the Social Security Agency has incorrectly construed the law, the agency's findings of law are not binding on the court and court may properly correct the errors. Adams v. Flemming, D.C.Vermont, 173 F.Supp. 873.

Section 402(a) of Title 42 of the United States Code Annotated provides that to be entitled to old-age insurance an individual must be "fully insured" and meet other conditions not in issue in this case. In this case the plaintiff under Section 414(a) (1), as amended, of Title 42 requires eleven quarters of coverage to be fully insured. However, under Section 414(a) (3) she requires quarters of coverage in all but four calendar quarters after 1954 and before July 1, 1957, and if she was credited with the self-employment income for 1955 and

1956 would have acquired the necessary six quarters of coverage to be fully insured.

Self-employment income is defined in 42 U.S.C. § 411(b) to include the net earnings from self-employment, derived by any individual during any taxable year after 1950 provided that the net earnings for the taxable year are at least $400. The term "net earnings from self-employment" is stated in 42 U.S.C.A. § 411(a) so far as it may be pertinent here, to be " * * * his distributive share (whether or not distributed) of the ordinary net income or loss, as computed under Section 183 of Title 26, from any trade or business carried on by a partnership of which he is a member * * *."

In 42 U.S.C.A. § 411(d) it is said: "The term 'partnership' and the term 'partner' shall have the same meaning as when used in supplement F of chapter 1 of Title 26". Turning to the definition of a partnership and partner under the Internal Revenue Code to which the Social Security Act "expressly refers Title 26 U.S.C. § 701 et seq., Section 761, provides:

"Subsection (a) 'Partnership. * * * the term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a corporation or a trust or estate'

"Subsection (b) 'Partner. For purposes of this subtitle, the term "partner" means a member of a partnership.'" 26 U.S.C. § 761.

The fact that a partnership was formed solely to enable plaintiff to qualify under the Social Security Act is permissible under the law and no criticism is intended because of the purpose of the agreement. The real question is whether a bona fide partnership was established or whether it was a mere sham and fraud on the government. Chipman v. Ribicoff, D.C.S.D.Florida, 196 F.Supp. 94. The Internal Revenue Code, 26 U.S. C. § 704(e), specifically recognizes family partnerships. There is no question then that the claimant and her husband could legally have formed a family partnership under the provisions of the Internal Revenue Code, under which Mrs. Nickerson might have claimed social security benefits. Turner v. Flemming, D.C.E.D.Arkansas, W.D., 190 F.Supp. 147.

The Referee based his decision on the ground that the claimant failed to show that a partnership existed on the basis of the facts established at the hearing, which facts are not here in dispute. The main basis for his decision appears to be that, as Mr. Nickerson was an artisan engaged in the electrical business, Mrs. Nickerson could not be a partner with her husband since she was not an artisan but rather a non-artisan. Moreover, the Referee appeared to be influenced by a fear that a favorable decision for the claimant in this instance would open the door for the wife of every artisan to claim coverage under the Social Security Act. On the basis of these conclusions, in the opinion of this court, the Referee has incorrectly interpreted the applicable statute and erroneously applied the law to the facts of the case.

As gathered from a review of the record as a whole, the following facts may be taken as established and as not in dispute. The husband has conducted an electrical business since approximately 1920 with the exception of a seven year period when he was employed at the Navy Yard and by another electrical contractor from 1942 to 1948. He always conducted his business from his home except for a few years when he had a shop in town. In the 1930's the wife contributed $1,000 to the business which she had received from a relative after the depression.

Mrs. Nickerson helped her husband by taking orders for jobs over the telephone, transmitted orders to electrical salesmen during his absence, contacted him in an emergency by telephone as she usually knew where he was working and assisted him in preparing bills and taking care of the books. They shared

their income as it might seem to be to the best advantage of both and have wills leaving all to the survivors. Mrs. Nickerson also had a magazine business which she conducted by telephone from her home, there being two telephones in the house. One is a personal phone listed to Arthur Nickerson and the other is a business phone listed to Nickersons, Electricians. All the cash received from her business was entered in the same book that Mr. Nickerson maintains for his business. A business certificate was filed with the town clerk of Plymouth, Massachusetts on March 14, 1956. The billheads and advertisement on their truck contained the words "Nickersons—Electricians". Claimant and her husband have a joint bank account with right of the claimant to sign checks. Husband stated that he would have had to hire someone else if his wife did not assist him. Husband decides mostly what purchases to make; what prices to charge; what repairs or improvements to make; whom to hire and how much to pay them; when to borrow money for business; and what advertising to do.

The Referee stated that "in order for the claimant to be considered as a partner herein, over-all considerations to be determined are whether the business was conducted as a sole ownership or as a joint undertaking; whether they both contributed the capital to the business; whether they both share in decisions and other responsibilities; and whether they both perform services and the business is conducted and held out to the public in a manner to indicate that they are partners".

■ In the case of Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, at page 742, 69 S.Ct. 1210, at page 1214, 93 L.Ed. 1659 (1949) the Supreme Court used the following test: "Question is not whether services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case but whether, considering all the facts—the agreement, the conduct of the parties in the execution of its pro-visions, their statements, testimony of disinterested persons, relationship of parties, their respective abilities and capital contributions, the actual control of income and purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise". Thus the Supreme Court established that services and capital contributions are not the exclusive tests, but that the intent of the parties to form a partnership as demonstrated by all the facts is controlling. The primary and controlling test for income tax purposes of a partnership then is whether considering all the facts, parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. Each case must rest on its own facts to ascertain the true intent of the parties. Jones v. Baker, 10 Cir., 189 F.2d 842. There is no arbitrary test for determining existence of a partnership and each case must be determined on its own facts. Nelson v. Seaboard Surety Company, 8 Cir., 269 F.2d 882.

■ The fact 'that there is no evidence of any change in the legal relationship of the claimant and her husband in 1955 and 1956, the years she filed income tax returns and claimed social security coverage, from prior years is not controlling. Whatever their relationship was prior to 1955, they had a right to change or modify it in any way that they saw fit. If one of the motives was to make the wife eligible for social security as one self-employed, this would not prevent their modifying their business arrangement, as long as the changes were made in good faith and reflected the realities of the relationship. Furthermore, if the partnership existed in years prior to 1955, it is irrelevant that the benefits of this business relationship were unclaimed.

■ A partnership is created by persons *joining together their money*, goods, labor or skill for the purpose of carrying on a trade, business or profes-

sion where there is a community of interest in the profits or losses. Where the issue is raised as to whether a family relationship is a bona fide partnership, courts will scrutinize the same and determine if the parties really intended in good faith to join together their money, labor, skill for the purpose of carrying on a business as a bona fide partnership. In determining if a wife and a husband were a bona fide business partnership with respect to tax liability, absence of a formal agreement and failure to set up books as partners is not conclusive, since the partnership agreement may be oral and may result from acts and conduct of the parties clearly manifesting intention to engage in a bona fide business partnership. United States v. Neel, 10 Cir., 235 F.2d 395.

A necessary element of a partnership is the intent of the parties to create a partnership relationship. Greenspon v. Commissioner of Internal Revenue, 8 Cir., 229 F.2d 947. It is the intent to do things which constitute a partnership which determines whether a partnership relation exists, and it is the substance and not the form of the arrangement which determines the legal relationship of the contracting parties to each other. Nelson v. Seaboard Surety Company, supra.

In the opinion of this Court, on the basis of the foregoing discussion, the Referee has incorrectly interpreted the law and erroneously applied the law to facts of this case. There is nothing to prevent an artisan from being a partner with a non-artisan if the other requisites of a partnership are present. Here the wife was an important contributor to the business conducted by herself and her husband and was of valuable assistance in the operation of the enterprise. The wife performed services which are not performed by the wife of every artisan and hence there is no danger of a deluge of claims being filed as a result of a decision favorable to the claimant. On the basis of the undisputed facts present in this case a bona fide partnership between the claimant and her husband existed which entitles the claimant to the benefits claimed under the provisions of the Social Security Act.

The motion of the defendant for summary judgment is denied and it is hereby ordered that judgment be entered for the plaintiff.