Maggie GRAY, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 66–43.

United States District Court
D. South Carolina,
Charleston Division.

Dec. 22, 1966.

Donald A. Fanning, of Dowling, Dowling, Sanders & Dukes, Beaufort, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., and Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for defendant.

HEMPHILL, District Judge.

This action involves a claim for parents' insurance benefits under section 202(h) (1) of the Social Security Act, 42 U.S.C.A. § 402(h) (1). Mrs. Gray applied for the benefits as the parent of her deceased son who was insured under the Act at the time of his death.

To qualify for parent's benefits the claimant must show that the deceased child at the time of death was providing to the parent at least one-half of the parent's support, 42 U.S.C.A. § 402(h) (B) (i), and that the claimant has filed proof of such support within two years after the date of the child's death, 42 U.S.C.A. § 402(h) (B) (ii).

The conditions of entitlement to parent's benefits are likewise set forth at 20 C.F.R. § 404.328:

A parent is entitled to parent's insurance benefits if he

(a) is the parent * * * of an individual who:

(1) Died after 1939; and

(2) Was fully insured * * * at the time of such death;

* * * * * *

(c) Was receiving at least one-half of his support * * * from such individual at the time of such individual's death and * * * has filed proof of such support within 2 years after the date of such death. * * *

■ In order to determine whether there was a relationship of economic dependency existing at the time of death one must look to the facts as they existed for some reasonable period of time preceding the death. Baetich v. Hobby, 212 F.2d 480 (2nd Cir. 1954).

A definition of "reasonable time" was included in the regulations by amendment in November of 1964. That definition is as follows:

20 C.F.R. 404.350(e) (1): Ordinarily, a period of 12 months (except where there is a change in the support situation in such period) ending with the specified time is a reasonable period for purposes of determining whether the one-half support requirement is met at the specified time.

The defendant submits that these current regulations do not apply to cases preceding the amendment such as this

one. The defendant further submits that this regulation is substantially a codification of the practice which was in effect during the period under which this case falls. That policy was that only the twelve month period preceding the death of the wage earner would be considered, except where that period was manifestly inappropriate a lesser period could be considered.

 The hearing examiner considered that practice as an imperative and applied it routinely to this claimant, which in this instance resulted in an absurdly unjust decision. This decision, which originated at the lowest level of administrative consideration, continued through a supposedly independent and thorough reconsideration, to a de novo treatment by the Bureau of Hearings and Appeals Examiner, which was adopted in toto by the Appeals Council, is so contrary to the purpose of this legislation that the consistency with which it was acquiesced in by the secretariat is somewhat disturbing. The reasoning of the examiner is revealed in the following excerpt:

> Careful consideration has been given to the contention of Counsel that the wage earner had supported his mother for many years prior to the 12 month period immediately preceding his death and that this entire period should be considered in determining whether the claimant was receiving at least one-half of her support from the wage earner at the time of his death. It appears that for many years prior to 1962, the claimant's only income was $12 per month that she received for laundry work, and that she was supported almost entirely by her son. In this particular case, it is understandable that Counsel may feel that it is rather harsh to limit consideration to the 12 month period preceding the son's death. However, the Regulations of the Social Security Administration provide that such 12 month period is a reasonable period. Although the Regulations do provide for consideration of a *lesser* period, under certain circumstances, there is no provision for the consideration of a *longer* period. Thus, the Regulations seem to compel that consideration be restricted to the 12 month period immediately preceding the wage earner's death, for the purpose of determining whether or not the claimant was receiving at least one-half of her support from the wage earner at the time of his death. The Hearing Examiner is aware of no authority which permits consideration of any period prior to said 12 month period.

The examiner's view of his authority is unnecessarily restrictive. The Fourth Circuit Court of Appeals has reversed a denial of benefits where a regulation which was designed to supplement and to guide in the administration of the statute was applied so dogmatically as to subvert the statute and its basic goals. Heslep v. Celebrezze, 356 F.2d 891 (4th Cir. 1966). Since the case here was not governed by the 1964 amendment to the regulations, there is here blind adherence not to a regulation but to a "practice." Even the definition of "reasonable time" currently in force does not compel such dogmatic application, for the regulation itself begins "ordinarily, a period of twelve months * * * is a reasonable period. * * *" Further the regulation concerning evidence of receipt of support, 20 C.F.R. 404.720, provides that a statement shall be submitted "as of the applicable time and *for a period of not less than one year before such time.*" This in no way can be construed to proscribe the use of a longer period where it is reasonable. However, the view the court takes of the facts would compel a reversal of the decision even if a lesser period than the twelve months be used in the determination. This could have been done in accordance with the custom of the secretariat of automatically applying policy to problem by simply taking a reasonable view of the claimant's monthly income.

The claimant is an elderly, ill, near blind mother of a deceased plantation agricultural worker. The claimant submitted, and the examiner so accepted,

evidence that the son had supported his mother for at least twelve years prior to the period in question and that she was fully dependent on the son. If the son had died in any of the twelve years preceding the period the claimant would be entitled to the benefits. If the son had died but three months after the date he actually died, the claimant would be entitled to the benefits. The examiner accepted this expressly in his report, but, because he was not concerned with any but the twelve month period, he made no computations. The evidence of record concerning the general situation over a reasonable time, and the evidence within the twelve month period are sufficient to enable one to arrive at a determination which is both just and legally sound. A remand of the case is therefore unnecessary.

The son died on January 21, 1964. Prior to that time the family, consisting of the mother, the son, and a daughter lived together and pooled their resources. During the twelve month period prior to the death of the child, the daughter was in the household for only six months and made no contribution to the support of the family. Before this period she was seldom in residence and the family was only the mother and son. The facts, which are undisputed to this extent, are that the son contributed $1363.20 to the common support which amount consisted of $811.20 cash and the estimated value of his monthly rental furnished by the deceased's employer, $360.00 and the reasonable value of the utilities furnished by the employer, $120.00. The claimant earned during the period $675.25. The total contributions to the household was $2038.46. The examiner based his conclusions and findings on the presumption that persons living together in the same household share the facilities on an equal basis in the absence of any evidence showing a different relationship. The examiner then computed that the claimant's algebraic share of the total would be, under the presumption, $815.38. Since the claimant produced earnings of $675.25, the supposition is,

she furnished over half of her support, and is therefore ineligible for parent's benefits. The decision of the examiner was based on the conclusion that the claimant had not sustained the burden of proof and that the presumption controlled. To demonstrate that the formula is inapplicable here one need only point out that it deals in totals over the period. Even a monthly average of income would be unrealistic for this claimant who is at the hand to mouth level of subsistence. During the twelve months period the claimant's personal income was respectively: January, 1963, $14.95; February, $4.80; March, $52.90; April, $48.95; May, $128.75; June, $83.55; July, $42.00; August, *none;* September, $29.70; October, $111.75; November, $57.55; December, $37.55. In January of 1964 it was $64.40. Prior to this period her income was negligible. In months such as January of 1963, and February, or August, when the claimant had no income, there was no monthly average amount available. She was completely dependent on the deceased son. Since his death she has been receiving welfare funds. Before the death of her son she had never been forced to receive public funds.

 Under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), the court is bound by the findings of the Secretary as to any fact if it be supported by substantial evidence. The Secretary as the trier of fact has the duty of weighing the evidence and resolving any conflicts in the evidence. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). The district court is not to try the case de novo. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). These rules are well settled and embodied in the law because of the obvious advantages the trier of fact has as to fact finding over any body of review. However, where the questions presented in a case concern only ultimate conclusions to be drawn from evidentiary facts which are not in dispute the court is not bound by the legal conclusions or the conclusiveness of the findings of the

administration. Miller v. Ribicoff, 209 F.Supp. 460 (E.D.Pa.1962); Electric Materials Co. v. Commissioner of Internal Revenue, 242 F.2d 947 (3rd Cir. 1957).

The court, therefore, rules that the arbitrary twelve month period was not the exclusive period for use in the determination; that it was not a reasonable time period in this instance where an inflexible mathematical formula was used. Had the time period been extended for even short periods of time the general pattern of complete dependence which had existed for many years would have been reflected. Had the computations within the twelve month period used been applied with a reasonable regard for the extreme poverty of the claimant, and had virtually any adjustments been made it would be difficult to conceive how the benefits could rationally be denied.

The decision is reversed. The Clerk will enter judgment for the claimant.

And it so ordered.