**A. G. Wayne EVANS, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

Civ. No. 1054.

United States District Court
W. D. Arkansas,
El Dorado Division.

Feb. 3, 1967.

Spencer & Spencer, El Dorado, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

This is an action whereby the plaintiff, A. G. Wayne Evans, seeks to establish a period of disability and disability insurance benefits under Social Security Act, 42 U.S.C.A. § 416(i) and § 423. Plaintiff has exhausted administrative remedies and under 42 U.S.C.A. § 405(g) and requests the court to review adverse decisions of the Hearing Examiner of the Office of Appeals Council, Social Security Administration, Department of Health, Education and Welfare. Plaintiff sought review of the Hearing Examiner's decision of July 10, 1964, by the Office of Appeals Council which was denied.

Evans filed his application to establish a period of disability and for disability insurance benefits September 5, 1963. He contends that he became unable to engage in any substantial gainful activity on May 2, 1963, when he suffered cerebral thrombosis (stroke). He was completely paralyzed on the left side, including his left arm and left leg.

At that time he was employed by the Arkansas State Highway Department as a bridge inspector. He was 38 years of age. The total paralysis lasted only a relatively short time, but for a substantial period of time use of the left arm, leg and side was seriously impaired.

From the original decision recommended by the Division of Disability Operations denying his application the plaintiff requested a hearing before a Hearing Examiner of the Administration's Bureau of Hearings and Appeals which was granted and held June 4, 1964.

Documentary evidence was produced at the hearing, plaintiff testified in support of his claim and the Examiner heard the testimony of a qualified industrial psychologist on the plaintiff's employment capacities.

On July 10, 1964, the Examiner filed a decision denying the claim. A review of the Examiner's decision by the Bureau of Appeals Council was requested. On November 23, 1964, the Appeals Council denied a formal review of the Examiner's decision and adopted said decision as its own which constituted a final decision of the Secretary subject to this review as provided in § 405(g).

The Court, after considering the decision of the Hearing Examiner, the entire record of the hearing of June 4, 1964, including medical reports, reports of therapists and counselors at the Rehabilitation Center covering the period from plaintiff's admission to that facility on September 30, 1963, through and up until the time of the hearing, was not convinced that the plaintiff could engage in work activities which would be substantial and gainful. The Court was unable to determine from the record and decision in the case whether the "final Ad-

ministrative determination with respect to plaintiff's claim was based on a correct or incorrect view of the law".

Therefore, District Court, J. Smith Henley, Judge, remanded the case on the 4th day of August, 1965, to the Secretary of Health, Education and Welfare for a clarification of the agency's views of plaintiff's claim and for more specific finding. The remand provided that either side may offer such additional evidence as it may desire.

The Court pointed out in the remand that for clarification of views and more specific finding it was "particularly interested in the following: (1) Whether the agency finds that claimant *during the effective period* of his application, and particularly at the commencement thereof (September 5, 1963), was unable to engage in any substantial gainful activity consistent with his age, education, training and experience; and (2) Whether the agency finds that claimant's disability, if any, during the effective period of his application, was due to medically determinable impairments, which impairments, if any, as contrasted to claimant's disability, if any, viewed as of the critical period, could be considered as being of long-continued and indefinite duration".

On January 27, 1966, the Appeals Council remanded the case to the Hearing Examiner for further proceedings "consistent with the court order" and for recommended decision pursuant thereto. Further hearing was held on March 10, 1966, at which time the claimant personally appeared and with counsel. Documentary evidence, medical and other reports were received, together with further testimony of the plaintiff and other witnesses.

In a second recommended decision March 18, 1966, the Hearing Examiner decided that the plaintiff met the special earnings requirements of the Act on May 2, 1963, date of disability; that the plaintiff suffered impairment which resulted from cerebral thrombosis which prevented him from engaging in substantial gainful activity commencing on May 2, 1963, that said impairment lasted for a continuous period of more than twelve months but was not of long-continued and indefinite duration; that the plaintiff's inability to engage in substantial gainful activity by reason of his impairments continued from May 2, 1963, to January 28, 1965; that the plaintiff was under a "disability" as defined in the Act commencing May 2, 1963, and continuing to January 28, 1965, but not thereafter; and that the plaintiff was not under a "disability" as defined in the Act prior to the Social Security Amendments of 1965.

Thus, the Hearing Examiner decided that the plaintiff's claim met all the requirements of the Act as to disability from the onset, May 2, 1963, through January 28, 1965, a period of twenty-one months. The Examiner concluded that the plaintiff's disability under the Act ceased on January 28, 1965, and in effect held that at that time he regained ability to engage in substantial gainful activity. It appears that the only basis for the Examiner's decision that the disability ceased January 28, 1965, was that it was the date he left the Rehabilitation Center at Hot Springs, Arkansas. He attempted employment within his capability soon thereafter but was unsuccessful at that time.

In the first recommended decision of the Hearing Examiner, June 4, 1964, it was appropriately pointed out that "the issues are dependent upon specific findings as to whether during the effective life of the application filed September 5, 1963, and while the special earnings requirements were met, the claimant was under a disability in that he was unable to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration and, if so, the beginning date of such disability. Thus, on the basis of his application filed, the evidence must establish that the claimant was under a disability as defined in the Act on or before December 5, 1963, for entitlement to the establishment of a period of disability and on or before December 1, 1963, for

**562**

entitlement to disability insurance benefits".

At the time of the filing of the application by the claimant, September 5, 1963, and during the effective period thereof the definitions applicable under Social Security were, as follows:

"The term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * *." 42 U.S.C.A. § 416(i) (1).

This sub-section (i) (1) was amended by the 1965 amendments, as follows:

"The term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or *can be expected to last for a continuous period of not less than 12 months,* * * *." P.L. 89–97, § 303(a) (1).

"The term 'period of disability' means a continuous period (beginning and ending as hereinafter provided in this subsection) during which an individual was under a disability (as defined in paragraph (1)), but only if such period is of not less than 6 full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period." 42 U.S.C.A. § 416(i) (2).

The 1965 amendments became effective with respect to applications for "disability" and for "disability determinations" filed during or after July, 1965, or before July, 1965, if the applicant had not died before such month and notice of final decision of the Secretary of Health, Education and Welfare had not been given to the applicant before such month, or notice of final decision by the Secretary had been given before such month but a civil action with respect to such final decision was commenced under Section 205(g) of the Social Security Act

and decision in such civil action had not become final.

It is apparent that the first decision of the Hearing Examiner, July 10, 1964, became the final decision of the Secretary in applying the application to the definition of "disability" under the law prior to the 1965 amendments. However, the civil action had been commenced under Section 205(g) before the month in which the 1965 amendments became effective. In the second decision of the Hearing Examiner, March 18, 1966, the previous decision was sustained in that it held the claimant was not under a disability that could be expected either to continue for a long and indefinite period, or to result in death. Thus, for the second time the Examiner held that the claimant is not entitled to a period of disability or to disability insurance benefits under the Social Security Act in effect prior to the amendments of 1965.

However, under the Social Security Act as amended by the 1965 amendments the Examiner held and included in his opinion that the claimant is entitled to a closed period of disability between the dates of May 2, 1963, and January 28, 1965. The decision stated that the claimant became impaired as a result of cerebral thrombosis which prevented him from engaging in substantial gainful activity commencing on May 2, 1963, and the impairment lasted for a continuous period of more than 12 months.

Therefore, the Examiner held that the claimant was under a "disability" as defined in the Act as amended by the Social Security amendments of 1965 commencing May 2, 1963, and continuing to January 28, 1965, but not thereafter. The opinion of the Examiner became the final decision of the Secretary.

It is appropriate to note that no individual may be found entitled to disability insurance benefits for any month beyond the second month following the month in which disability ceased. Also, under Section 303(f) (1) of the amendments of 1965 no monthly benefits are payable prior to September, 1965.

The Examiner was correct in considering the application under the Social Security Act at the time the application was filed September 5, 1963, and under the Act as amended in 1965. The dilemma of the claimant is that the Examiner held that he suffered an impairment which entitled him to a disability under the 1965 amendments but denied to him the benefits. He met all the requirements under the Act entitling him to disability insurance benefits, except the payments thereof.

Both sides move for a summary judgment and submit briefs emphasizing applicable legal standards.

■■ It is abundantly clear that the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C.A. § 405(g).

As required, the Secretary of the Department of Health, Education and Welfare filed a certified copy of the transcripts of the administrative record, including the evidence upon which the findings and decision of the Examiner are based.

■ It is a well recognized rule that the burden of proof in the entire proceeding is upon the plaintiff to establish his claim. Not only are the findings of fact made by the Examiner, if supported by substantial evidence, conclusive, but also his findings to inferences and conclusions which he draws from the evidence, if there is a substantial basis for such inferences and conclusions. Bostick v. Folsom, D.C., 157 F.Supp. 108; Rosewall v. Folsom, 7 Cir., 239 F.2d 724; Social Security Board v. Warren, 8 Cir., 142 F.2d 974; Celebrezze v. Bolas, 8 Cir., 1963, 316 F.2d 498.

■ The Examiner's conclusions of law, however, are not binding upon the Court, although they are entitled to great weight. Bostick v. Folsom, supra; Carroll v. Social Security Board, 7 Cir., 128 F.2d 876; Miller v. Burger, 9 Cir., 161 F.2d 992.

The judicial review of the Secretary's decision is limited. Celebrezze v. Bolas, supra, Hoffman v. Ribicoff, 8 Cir., 1962, 305 F.2d 1.

There is no real dispute as to the facts in this case.

The claimant was born June 15, 1925. He graduated from high school and served in the U. S. Coast Guard from June 8, 1943, to December 10, 1945. In addition to his formal education he has had correspondence courses in advertising and general business, as well as general concrete structure from the University of Arkansas. He has also had highway engineering in an international correspondence school.

His work background is varied. He started as a clerk in a store in 1946. He later became a part owner of a sawmill in the general area of his home. From 1947 to 1949 he was a part owner of a store with his father. In 1949 he left the store to work for Lion Oil Company classified as an operator's helper and production shipper. He left this work in 1954 to go into business for himself operating a retail liquor store from 1955 to 1960. In 1960 he went to work for the Inland Waterways Company operating on the Mississippi River and other rivers in the tug boat and river barge traffic. After about one year he went to work for the Highway Department of the State of Arkansas inspecting work of contractors in new construction of bridges. He was engaged in this work at the time of his cerebral thrombosis (stroke) May 2, 1963. He has been unable to perform any work since his impairment. Together with therapy, he received training and rehabilitation at Hot Springs. Although he attempted work for a brief duration soon after leaving the Rehabilitation Center, he could not perform the work even though it was the type of work it was thought he should be able to perform.

It is admitted that the claimant suffered an impairment from cerebral thrombosis May 2, 1963. He underwent

treatment in Warner Brown Hospital, El Dorado, Arkansas, and Baptist Hospital in Little Rock. In due time he entered the Rehabilitation Center at Hot Springs, Arkansas, for therapy treatment. He cooperated in every possible way toward rehabilitation. He made substantial progress and was released on January 28, 1965, on the basis that they had done for him all that could be done at the institution.

There is no conflict in evidence. The question for determination is whether or not the Examiner applied correct legal standards and if there was substantial evidence to support his findings. I think not.

As stated in Celebrezze v. Sutton, 338 F.2d 417, the applicable legal standards have been carefully documented by Judge Blackmun in Celebrezze v. Bolas, 8 Cir., 1963, 316 F.2d 498, at pages 500 and 501.

"Substantial evidence is more than a mere scintilla * * *." It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion "and it must be based on the record as a whole." Celebrezze v. Bolas, supra.

The determination of the presence of substantial evidence is to be made on a case-to-case basis. Admittedly the claimant was totally impaired continuously for 21 months. From a careful review of the medical testimony and reports there is no evidence establishing a time that his impairment ceased or would cease. The Examiner's decision that his impairment ceased on January 28, 1965, was an arbitrary date determined as the day he was discharged from the Rehabilitation Center at Hot Springs.

To hold that the claimant is entitled to a period of disability under the 1965 amendments to the Social Security Act, as the Examiner did in this case, and deny him disability insurance benefits would indeed be a strange application.

The statutory definition of disability imposes the threefold requirement (a) that there be a medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration; (b) that there be an inability to engage in any substantial gainful activity; and (c) that the inability be by reason of the impairment. Celebrezze v. Bolas, supra.

Substantial gainful activity has been described:

"The activity in which a disabled claimant can be found to be able to engage must be both substantial and gainful and within his capacity and capability, realistically judged by his education, training and experience." Ribicoff v. Hughes, 8 Cir., 1961, 295 F.2d 833.

"Such a determination requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Kerner v. Flemming, 283 F.2d 916.

In his decision March 18, 1966, the Examiner discusses in some detail the law, issues and evidence to support his findings and conclusions. In the lengthy medical review there is no evidence that disputes the testimony of Dr. Garland Murphy, Jr., (recently deceased) that the claimant is 100% totally and permanently disabled because of the cerebral vascular accident with the resultant left hemiplegia and psychotic behavior. Even as late as February 8, 1966, Dr. Murphy reports that there has been no change in his opinion that the claimant was 100% totally and permanently disabled because of the left hemiplegia.

The decision of the Examiner that the medically determinable impairment of the claimant did not result of long-continued and indefinite duration was speculative and from inferences from various medical reports, which cannot be considered substantial evidence.

It is apparent that the Examiner gave too strict an application to "dis-

ability". As Judge Blackmun said in Celebrezze v. Bolas, supra, the Act is remedial and is to be construed liberally.

To conclude in this case that the claimant is not "disabled" within the meaning of the Act prior to the 1965 amendments would make "disability" commensurate with "helplessness", "bed-ridden", or "at death's door".

> "No matter how infirm, or disabled, or sick a man is, if he still possesses some of his faculties and some degree of mobility, he is not in the strictest sense unable to perform 'any substantial gainful activity.' I do not interpret the Act to apply only to the totally helpless and bed-ridden nor to those at death's door. If a wage earner has the inability to engage in 'any substantial gainful work' which is commensurate with his education, training, experience, and physical and mental capacities, then he should be given the benefit of the 'disability'." Aaron v. Fleming, 168 F.Supp. 291.

Neither am I persuaded by the Examiner's findings that the claimant's disability ceased on the day that he was discharged from the Rehabilitation Center. Two witnesses qualifying as experts in vocational training testified after reviewing the record that there were some jobs in the area the claimant could perform as gainful employment. They were described in general terms only. The claimant tried one such job but being unable to perform it, was let go. There is no evidence in the record that the claimant can until this day perform gainful employment.

> "It is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment, and of his age, experience and education. * * * If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently." Celebrezze v. Bolas, supra.

In my opinion the decisions of the Examiner, which became the final decisions of the Secretary of Health, Education and Welfare, are not supported by substantial evidence. An order will be entered reversing the decisions and the cause remanded with directions to find the claimant disabled within the meaning of the Act and entitled to a period of disability and disability insurance benefits.