**Lena H. BROOKS**

v.

**John W. GARDNER, Secretary Health, Education & Welfare.**

**Civ. A. No. 67–C–22–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Nov. 16, 1967.

James H. Fulghum, Jr., Roanoke, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Claimant, Lena H. Brooks, seeks review in this court pursuant to 42 U.S.C. § 405(g) of a final decision of the Secretary of Health, Education & Welfare dated January 17, 1967 finding that claimant was not entitled to mother's insurance benefits on the basis of her application filed August 13, 1965. The court is of the opinion that the Secretary reached a proper conclusion as to the period for which the pre-1965 law was applicable; however, the court concludes that the Secretary incorrectly applied the post-1965 law as to the portions of the

claim to which the criteria there enunciated are applicable and, to that extent, the Secretary's decision is reversed.

The precise issue in this case is whether the claimant, a mother, and the widow of a deceased wager earner, Arnold D. Brooks, qualified as a currently insured individual for the purpose of receiving benefits on the basis of her husband's earning record. The applicable portion of the Social Security Act is 42 U.S.C. § 402(g). Both the pre-1965 and the post-1965 statutory sections are set forth below.

> (g) (1) The widow and every surviving divorced mother (as defined in section 416(d) of this title) of an individual who died a fully or currently insured individual, if such widow or surviving divorced mother—
>
> (A) is not married.
>
> \*   \*   \*   \*   \*   \*
>
> (F) in the case of a surviving divorced mother—
>
> (i) at the time of such individual's death (or, if such individual had a period of disability which did not end before the month in which he died, at the time such period began or at the time of such death)—
>
> (I) she was receiving at least one-half of her support, as determined in accordance with regulations prescribed by the Secretary, from such individual, or
>
> (II) she was receiving substantial contributions from such individual (pursuant to a written agreement), or
>
> (III) there was a court order for substantial contributions to her support from such individual,
>
> (ii) the child referred to in subparagraph (E) is her son, daughter, or legally adopted child, and
>
> (iii) the benefits referred to in such subparagraph are payable on the basis of such individual's wages and self-employment income, \* \*"

It is plain from the statutes that prior to 1965 Mrs. Brooks, in order to have qualified for mother's insurance benefits, would have had to have been receiving at least one-half of her support from the deceased wage earner at the time of his death. Claimant concedes that this is not the case and that in no event is she entitled to benefits under the pre-1965 law. However, it is also agreed that if claimant is entitled to benefits under the law as amended in July of 1965, she would be entitled to benefits commencing with the month of September, 1965. The present controversy turns upon the meaning, construction and application to this case of § 202(g) (1) (F) (i) (III); that is, whether at the time of his death there was in effect a court order obligating Arnold D. Brooks to provide substantial contributions to the support of his former wife.

Married in 1938, Mr. and Mrs. Brooks apparently had been living together for 24 years prior to the marital difficulty in 1962 which led to their separation. The rift was sufficiently severe to cause the claimant to institute divorce proceedings in the Circuit Court of Montgomery County, Virginia. She requested a divorce on the ground of desertion and also asked for alimony as well as support for the infant children of the marriage. A hearing on the question of temporary alimony and child support was held on October 18, 1962 and Judge W. S. Jordan issued from the bench an oral order directing Mr. Brooks to pay the claimant $35.00 weekly. According to Judge Jordan, he gave an oral rather than a written order because he felt there was still some hope of reconciliation between the parties.

On the basis of the oral order, Mr. Brooks made partial payments for several weeks. But then, on December 5, 1962, apparently without provocation, he shot and wounded his wife and a minor child, then set fire to their house. He was thereafter arrested, jailed, and on May 1, 1964, sentenced to the Virginia State Penitentiary on being convicted of

malicious wounding and attempted murder.

With her husband in prison and because of the altercation which had occurred in December 1962, Mrs. Brooks considered it best to proceed with the divorce, and on February 1, 1965 she was granted an absolute divorce by Judge Jordan. No mention was made in the decree of divorce of the temporary support order that had been entered two years before nor is there any indication that the court orally took any action with respect to it. However, even though the decree of divorce finally dissolved the marriage, Judge Jordan included a specific provision that because the husband was in prison and the court was therefore unable to make any allowance for alimony or support that it was:

* * * Adjudged and Ordered that this question be, and the same hereby is, taken under advisement by the Court, and expressly reserved for future decision following the release of Arnold D. Brooks from custody, with leave granted to either party to move for reinstatement of this cause for the consideration of said questions following such release.

On July 19, 1965, Mrs. Brooks filed an application for child's insurance benefits on behalf of the minor child of her prior marriage and she was awarded such benefits on the child's behalf. On August 13, 1965 she filed an application for surviving divorced mother's insurance benefits and although she was awarded these benefits by the hearing examiner, they were subsequently denied by the Appeals Council. The decision of the Appeals Council then, of course, became the final decision of the Secretary from which Mrs. Brooks has appealed to this court.

■ The Secretary, relying upon the strictures of 42 U.S.C. § 405(g), considers the issue to be whether there is substantial evidence in support of his decision. Indeed, this would be the principal issue if the question presented were one of fact. Where the case turns upon a factual determination, the finding of the Secretary is conclusive if supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1956). However, in this case, the controlling question is one of law, not of fact. While the legal determinations of the Secretary are to be accorded considerable weight, they do not receive nearly the same sanction as factual findings. A reviewing court must be free to disregard the legal conclusions of the Secretary if it feels they are erroneous. See, e. g., Bridges v. Gardner, 368 F.2d 86 (5th Cir. 1966); Colegate v. Gardner, 265 F.Supp. 987 (D. C.Ohio 1967); Evans v. Gardner, 263 F. Supp. 559 (D.C.Ark.1967); Spradlin v. United States, 262 F.Supp. 502 (D.C. Mont.1967); Gray v. Gardner, 261 F. Supp. 736 (D.C.S.C.1966).

■ The Appeals Council in arriving at its decision relied upon a memorandum prepared by the Office of the General Counsel of the Department of Health, Education & Welfare which concluded that at the time of the death of Arnold D. Brooks the temporary alimony order was not in effect. There was, of course, by the terms of the final decree, no permanent support or alimony order in effect, this matter having expressly been reserved by the court for its later consideration. Turning to state law as properly determinative, the memorandum reached the conclusion, with which the District Court agrees, that there are no Virginia decisions resolving the question. Espousing the general rule which is that the granting of an absolute divorce automatically terminates any award of temporary alimony but at the same time recognizing that there is authority for the position that under exceptional circumstances where the decree reserves consideration of alimony a temporary award will continue until ultimate resolution of that issue, the memorandum opined that if faced with the facts of the Brooks case, Virginia would adhere to the general rule and conclude that the admittedly effective oral order became inoperative at the moment the absolute divorce was granted.

Also before the Appeals Council when it tendered its decision was the statement by Judge Jordan and two experienced Virginia practitioners summarizing the divorce proceedings and stating:

> We do further certify that the oral order was never revoked, and that the subsequent divorce decree entered while Arnold DeVelle Brooks was incarcerated in the penitentiary did not revoke the previous oral order and delayed consideration or a modification by way of increase or decrease until a future time.

In support of his decision to disregard the statement by Judge Jordan and to adopt instead the opinion of his legal department, the Secretary relies upon the case of Cain v. Secretary of Health, etc. (Celebrezze), 377 F.2d 55 (4th Cir. 1967) wherein it is stated at p. 58:

> When, as here, the Supreme Court [of the State] has not had occasion to declare the law, the Secretary may follow the opinion of a *nisi prius* court; but if he believes its decision to be in conflict with what the Supreme Court "would find" were the point presented to it, he may disregard that lower court's decision, Indeed, it is well-settled that the Secretary is not bound by *ex parte* decisions made in the state courts.

While this court is not able to state which position the Virginia Supreme Court of Appeals would adopt, we do feel that under the circumstances of this case Virginia might well be inclined to adopt the special circumstances exception and to conclude, as did Judge Jordan, that the award of temporary alimony continued in effect until such date as the court exercised its reserved power to award a decree of permanent alimony.

■ What is clear, is that the Secretary was confronted with a close question of law on which there was a competent opinion espousing either view. He elected to follow the strict, narrow interpretation which resulted in a denial of benefits to the claimant. This court believes that it is beyond question that the Social Security Acts are remedial in nature and while certainly they are not unemployment compensation statutes they are to be liberally construed in accordance with their remedial purpose in favor of allowing benefits to a claimant. The cases contain many statements to this effect. See, e. g. Rasmussen v. Gardner, 374 F. 2d 589, 594 (10th Cir. 1967); Davidson v. Gardner, 370 F.2d 803 (6th Cir. 1967); Hoffman v. Gardner, 369 F.2d 837, 841 (8th Cir. 1966); Evans v. Gardner, 263 F.Supp. 559 (D.C.Ark.1967); Pendegraph v. Celebrezze, 255 F.Supp. 313 (D. C.N.C.1966). Congressional predisposition is evidenced unequivocally by the liberalization in 1965 of the very section with which we are here concerned.

■ The error of the Secretary in this case was not in his determination of what Virginia law might be; but rather, in light of the clear policy of the Social Security laws, his error lay in his decision to pursue a course resulting in the denial of benefits to a claimant rather than to adopt the liberal course of allowing benefits.

It is obvious from a reading of the record that but for the fact of the wage earner's imprisonment, a final and binding order of alimony and support, replacing the temporary order then in effect would have been entered on February 1, 1965. Judge Jordan's decision deferring consideration of a permanent order until Arnold D. Brooks was released from prison, allowing in his opinion the temporary order to remain in effect, was certainly the wisest and just course to be followed in determining the future obligations between Arnold and Lena Brooks. This decision by Judge Jordan should not result in a denial of benefits to the claimant because of a technical interpretation by the Secretary.

Accordingly, it is

### ORDERED

that the Secretary's denial of benefits for the period prior to September 1965, the effective date of the 1965 Amendments, be and the same hereby is affirmed.

It is further

ORDERED

that the Secretary's denial of benefits fcr the period commencing with the month of September, 1965 be and the same hereby is reversed.

The Clerk is directed to send a certified copy of this order to counsel of record.