**Pearson D. HEATH, Plaintiff,**

v.

**John W. GARDNER, as Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 692.**

United States District Court
N. D. Florida,
Marianna Division.

May 9, 1968.

Charles S. Isler, Jr., of Isler & Welch, Panama City, Fla., for plaintiff.

Clinton Ashmore, U. S. Atty., N. D. Florida, Tallahassee, Fla., for defendant.

## MEMORANDUM-DECISION

CARSWELL, Chief Judge.

After exhausting all administrative remedies with the Department of Health, Education and Welfare, and being denied benefits of Social Security, claimant filed suit in this court seeking reversal of the Secretary's final determination. Joint motions for summary judgment were filed and heard.

Basically, claimant here contends that he retired January 1, 1964, and ceased being a wage earner to the extent necessary to qualify for maximum Social Security benefits. He contends that the adverse conclusion of the Secretary was based upon hearsay, opinion and conjecture evidence from which improper inferences were drawn.

Applying the appropriate appellate standards to such case, this Court concludes that there is substantial evidence from the record as a whole to support the findings and conclusions of the Secretary. It is well settled that the United States District Courts do not try cases *de novo* in proceedings on appeal from determinations by the Secretary in Social Security matters. Gray v. Gardner, 261 F.Supp. 736 (D.C.S.C., 1966). The subject statute itself provides that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). The Court notes initially that the same legislation provides that the Secretary, or his delegate, shall adopt reasonable

and proper rules and regulations to provide for the nature and extent of the proofs and evidence and for the method of taking and furnishing same in order to establish the right to benefits thereunder. (Section 405(a)). Section 405 (b) provides that evidence may be received at any hearing before the Secretary even though inadmissible under rules of evidence applicable to court procedure. Under this statutory criteria it has been held that hearsay is generally admissible in administrative hearings of this type and may be given probative force as is warranted. Rocker v. Celebrezze, 358 F.2d 119 (2d Cir. 1966). Nor does the opinion rule of evidence apply to the administrative process. Swift & Company v. United States, et al., 317 F.2d 53 (7th Cir. 1963).

With this in mind the factual record has been examined. It shows that the claimant's business activities during the subject period of time were very complex, that he had connections with eight corporations. At least four of these corporations may be termed claimant's family businesses, i. e., Heath Motor Company, Heath Truck Sales, Heath Motor and Supply Company, and Motor Parts and Equipment Company. The precise interest and degree of control of these corporations by the claimant here may be arguable although the record is clear in supporting the conclusion that his involvement in his family businesses is real and significant. The Secretary's findings are also supported by the record in that it shows claimant's business activities are self-employment services. In addition he receives compensation by serving as director of bank and from other services rendered the non-family corporations. It is clear that he performed substantial self-employment services after his claimed retirement. It is noted that on one occasion two of the Secretary's investigators went to claimant's place of business where the claimant, before learning their identity, attempted to sell one of them a Mercedes automobile.

The record shows that the Secretary has attempted and has in fact reconstructed a complete earnings record for claimant, including an estimated value of self-employment services rendered without actual salary remuneration. The record supports his findings that the reasonable value of such services continues to accrue to claimant's benefit either directly or indirectly after his asserted retirement. In this he considered the result of excess earnings as disqualifying the claimant for the benefits for which he applied. He also considered the regularity of such services, the degree of skill and expertise involved, and the apparent value of such services to the business, rather than merely the amount of time involved. In this connection it is noted that the claimant gave credit advice and generally reviewed the finances of the business from time to time.

The Court notes that the brief of the claimant involves itself in part with a discussion of the Social Security Act and the Internal Revenue statutes as they are applied to the corporation. This is beside the point. The single issue here involves the legal sufficiency of the Secretary's findings based on the record in Social Security matters, and his determination under the applicable Social Security Act cannot affect liability of the individual for corporations' obligations or vice versa. We are not here concerned with those matters at all. Where corporations are involved the Secretary has the duty to look through the realities of the situation. Stark v. Fleming, 283 F.2d 410 (9th Cir. 1960).

The Court concludes, therefore, that the findings and conclusions of the Secretary are supported by substantial evidence considering the record as a whole, this being the appropriate standard of review under 42 U.S.C. § 405(g). Appropriate order will be entered this date granting motion for summary judgment of the Secretary and denying the claimant's motion.