## CIRCUIT COURT OF CHESTERFIELD COUNTY

Graham

v.

Graham

May 26, 1989

Case No. (Chancery) 85-3020

By JUDGE HERBERT C. GILL, JR.

Plaintiff requests entry of a bed and board decree pursuant to Section 20-95 of the Virginia Code on the basis of willful or constructive desertion. Defendant requests entry of a decree of divorce from the bonds of matrimony pursuant to Section 20-91 on the grounds of willful desertion or abandonment. Both parties allege the date of desertion as May 27, 1985.

Upon consideration of the evidence submitted and memoranda presented, defendant's request for entry on grounds of desertion pursuant to Section 20-91 of the Virginia Code and plaintiff's request for entry on grounds of desertion pursuant to Section 20-95 of the Virginia Code are denied. Neither party presented sufficient evidence corroborating an intent to desert the marital relationship. The appropriate grounds for divorce would appear to be a one year separation pursuant to Section 20-91(a) of the Virginia Code.

The parties had separated several times during the course of the marriage. See deposition of Iris Graham, taken November 11, 1985 (affirmed April 4, 1988), pages 15 through 20. Plaintiff speculated that the parties were more often "separate" than together over the course of the marriage. See deposition of Ronald Graham, taken November 1, 1985, page 54.

Plaintiff left the marital home on January 5, 1984. However, both parties admit a continuance of conjugal relations in the marital home through May 27, 1985. Defendant asserts that marital relations continued until October 6, 1985. See deposition of Iris Graham taken November 11, 1985 (affirmed April 4, 1988), page 13. Plaintiff filed this action on June 10, 1985.

Section 20-99 of the Virginia Code requires corroboration of the necessary elements for entry of a divorce decree. Neither the circumstances nor the depositions of Teresa Graham, taken November 1, 1985, and Lois B. Thomas, taken November 20, 1985, corroborate alleged conduct constituting defendant's constructive desertion of the marital relationship.

In regard to defendant's cross bill, the evidence submitted and circumstances presented fail to corroborate plaintiff's intention to desert the marital relationship. Defendant admitted to the continuation of marital relations until October 6, 1985. Plaintiff provided maintenance of the marital home and admitted to extended visits with defendant subsequent to May 27, 1985. See deposition of Ronald Graham taken November 1, 1985, page 73.

Pursuant to Section 20-107.1, plaintiff is ordered to pay spousal support each month in the amount of $260.00. The Court considered the following:

1. Defendant's gross weekly salary is approximately $150.00. She has been employed as a hairdresser at minimum wage. See deposition of Iris Graham taken April 4, 1988, Exhibit 1. Plaintiff's weekly gross salary is approximately $427.00; however plaintiff admits that his usual annual salary ranges from $30,000.00 to $35,000.00. See deposition of Ronald Graham taken February 10, 1988, pages 5 and 9.

2. Neither party has obtained a high school degree or received special training. See deposition of Iris Graham taken February 10, 1988, page 16. See deposition of Ronald Graham taken February 10, 1988, page 7.

3. The parties' standard of living was non-extravagant and they simply "paid bills". See deposition of Ronald Graham taken February 10, 1988, page 7.

4. The parties had been married approximately nine years as of the date of separation. However, the parties

were separated several times prior to the filing of this action on June 10, 1985.

5. Both parties have suffered from physical ailments in recent years.

6. Both parties contributed to the financial well being of the marriage. See deposition of Ronald Graham taken February 10, 1988, page 9. Both parties also made non-monetary contributions to the well being of the family. See deposition of Ronald Graham taken February 10, 1988, page 7.

7. Plaintiff owns a home which has a fair market value of $95,000. The outstanding mortgage is approximately $68,000.00. Defendant owns a home which was purchased for $42,000.00. The outstanding mortgage is approximately $30,000. Plaintiff is a participant in a qualified defined benefit pension plan.

Upon plaintiff's receipt of pension benefits, defendant shall receive 50% of the present value of the accrued benefit plus a pro rata share of the appreciation. The present value of the benefit plan as of the hearing date was $7,277.73 and the monthly accrued benefit was determined to be in the amount of $180.84. See Exhibit "A," testimony of David Knoy, February 17, 1989.

Defendant seeks $4160.00 as arrearage for support during the pendency of the appeal. On October 3, 1985, the Court awarded defendant temporary support in the amount of $260.00 per month. On April 14, 1986, the final decree was entered on the basis of defendant's constructive desertion and spousal support was denied. The Court of Appeals reversed and remanded.

Section 20-103 enables the Court to award support during the pendency of the suit. Section 20-103 provides:

> The court in term or the judge in vacation may, at any time pending the suit, in the discretion of such court or judge, make any order that may be proper to compel a spouse to pay any sums necessary for the maintenance and support of the petitioning spouse and to enable such spouse to carry on the suit.

Defendant's request for payment of temporary support during the pendency of the appeal is denied. No authority

has been presented in support of the proposition that a temporary award granted prior to entry of a decree is enforceable after the grounds for divorce are reversed. Entry of the final decree terminates any award of temporary support unless otherwise provided for in the decree. *Brooks v. Gardner*, 276 F. Supp. 20 (W.D. Va. 1967). The Court is unable to award temporary support pending appeal of the final decree. *Cralle v. Cralle*, 81 Va. 773 (1886).

Defendant's request for attorney's fees is granted for the amount of $500.00.